UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., JACK REYNOLDS, LEE CLEMENTS, THOMAS WILSON, CURTIS HOLLINGSWORTH, GEORGE BROWN, LINDA WHITLOCK, JOE WHITLOCK, JOSEPH BROWN, SUSAN BROWN, TONY BLACK, TIM PHILLIPS, JAMES BENHANNA, HARDY STEWART, JOHN LEHR, MITCHELL BRYANT, DAN LAMBERT, AMOS GILLIAM, and JAMES DUNCAN,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | C/A No.: 6:03-cv-03372-GRA<br><br>ORDER<br>(Written Opinion) |

This matter comes before the Court on motions to reconsider this Court's earlier denial of the following motions: (I) the relators' Motion to Compel Settlement, and (ii) the United States Government's Motion to Intervene, Accept Settlement, and Dismiss the Action. The denied motions were the subject of a hearing on July 30, 2007; the motions to reconsider were raised orally at a hearing on September 24, 2007.

Upon reconsideration, (1) the government's Motion to Intervene is GRANTED; (2) the relators' Motion to Compel Settlement is GRANTED; and (3) the government's

1

Motion to Accept Settlement and Dismiss the Action is DENIED as moot in light of the Court's granting of the relators' motion. In light of these rulings, the Court also VACATES its September 14, 2007 Order.

## PROCEDURAL BACKGROUND

The relators, on behalf of the United States, filed this *qui tam* action under the False Claims Act on October 23, 2003, alleging that GE violated 31 U.S.C. § 3729(a)(1) by presenting false invoices for payment for electrical generation turbines to the Tennessee Valley Authority (TVA) and 31 U.S.C. § 3729(a)(2) by falsely certifying compliance with its contract with the TVA in order to induce payment for the turbines. The Department of Justice (DOJ) and the TVA investigated the relators' allegations for more than two years; subsequently the DOJ declined to intervene, finding the allegations unsubstantiated. *Relators' Reply Brief*, filed June 14, 2007 (Docket # 110), Ex. A. The Complaint was thereafter unsealed on April 11, 2006, and later served on GE.

On October 3, 2006, GE filed a Motion to Dismiss which was heard by the Court on November 3, 2006. The Government did not participate in this Motion. The Defendant's Motion was denied as to the relators' 3729(a)(1) and 3729(a)(2) claims. The relators consented to the dismissal of their 3729(a)(3) claim, without objection from the Government. Thereafter, the Court issued a Scheduling Order setting deadlines for discovery and pre-trial motions and briefing, and the parties, the relators and GE, thereafter entered a Consent Scheduling Order on December 12, 2006.

As a part of discovery, the Relators served subpoenas for documents related to the subject turbines and the Government's two-year investigation of the relators' allegations on the TVA and the DOJ. The Government provided certain documents but withheld others under a claim of attorney-client privilege. The relators filed a Motion to Compel Production against the DOJ and TVA on February 19, 2007. The Motion is rendered moot by this Order.

On Tuesday, March 6, 2007, GE and the relators conducted a mediation. By March 9, 2007, GE and the relators had sketched out a tentative agreement in which GE would settle the False Claims Act claims and certain individual relator claims for a total payment of $2 million. It appears from the record that, after March 9, at least two of the relators sought separately to either have their disciplinary records at GE (unrelated to their participation in this lawsuit) expunged or, alternatively, to leave their jobs at GE with a severance package; GE refused to agree to this. This issue of severance or expunging of records was the only item truly open. All material terms of the agreement had been agreed upon, and GE and the relators' counsel exchanged drafts of written settlement agreements containing all such terms.

On or around March 27, 2007, the Government and GE began conducting negotiations on the False Claims Act claims. By April 11, 2007, the Government offered GE a compromise. By May 16, 2007, the Government and GE had reached a final settlement agreement. Late that day Government counsel informed counsel for the relators that the Government intended to intervene and to settle the litigation for

$350,000 for the False Claims Act claims, and attorneys' fees and costs to relators' counsel not to exceed $400,000. Relators' counsel confirmed to Government counsel that the relators would object to that settlement. On May 16, 2007, relators' counsel filed their Motion to Compel Settlement. On June 22, 2007, the Government filed its Motion to Accept Settlement and Dismiss the Action.

On September 14, 2007, the Court issued an order denying both relators and the Government's motions. At a status conference on September 24, 2007, the Government moved for reconsideration of the denial of its intervention. The Court orally reconsidered and granted the government's Motion to Intervene. The government then moved to reconsider its settlement. As a result, relators' counsel stated its Motion to Enforce the March 9, 2007 settlement had not been withdrawn and asked the Government to reconsider its Motion. GE did not object to reconsideration of the Court's prior order, but continued to object to the relators' motion on its merits.

## **DISCUSSION**

The relators contend that they and GE entered into a complete, final settlement agreement on March 9, 2007; GE contends otherwise. The government had previously objected to the enforcement of the alleged settlement agreement between the relators and GE, but has now withdrawn its objection to that settlement. Therefore, the only issue before the Court is whether there is an enforceable settlement agreement between the relators and GE.

To enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions. *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002). The first step is to look to "the objectively manifested intentions of the parties," to determine whether there was a meeting of the minds. *Moore v. Beaufort County, NC*, 936 F.2d 159, 162 (4th Cir. 1991); *Hensley*, 277 F.3d at 540-41. "However, failure to complete formal settlement papers does not indicate that a settlement agreement was not in fact reached." *Sadighi v. Daghighfekr*, 66 F.Supp.2d 752, 763 (D.S.C. 1999) (quoting *United States v. Centex-Simpson Constr. Co.*, 34 F.Supp.2d 397, 400 (N.D. W.Va. 1999)); *Hensley*, 277 F.3d at 540 (citing *Alexander v. Indust. Of the Blind, Inc.*, 901 F.2d 40, 41 (4th Cir. 1991))("the fact that the agreement is not in writing does not render it unenforceable.").

This is a close case. On balance, however, the Court is convinced from the record that GE and the relators reached a meeting of the minds around the $2 million settlement figure, and that meeting of the minds was reflected in the terms of the two written, unsigned settlement agreements (one covering the False Claims Act claims, the other covering the relators' unasserted employment claims) attached as Exhibits B and C to relators reply brief filed June 14, 2007. In granting this Motion, the Court finds that the parties are bound by all the terms and conditions of the two settlement agreements (including without limitation the confidentiality terms), attached as Exhibits B and C to relators' reply brief, and that these two settlement agreements represent

5

the entirety of the agreement between the parties.

Having found that a settlement agreement was reached with regard to the False Claims Act, the Court grants the motion of the United States to intervene in this action pursuant to 31 U.S.C. § 3730(c)(3).  There is good cause for the United States to be permitted to intervene for purposes of facilitating the settlement of this action.

As the Government does not object to the settlement, and the relators have moved for its enforcement, the Court need not determine that the proposed settlement is fair, adequate, and reasonable under all the circumstances.  31 U.S.C. § 3730(c)(2)(B) (requiring such approval only when relator objects to settlement between Government and defendant).  That having been said, the Court does note for the record that the $200,000 False Claims Act portion of the settlement is fair, adequate, and reasonable under the circumstances.  There appears to be little evidence to suggest that GE defrauded the TVA in any way.  The DOJ and TVA investigated these allegations for more than two years, and decided not to intervene in this case because of their view that the allegations were unsubstantiated.  TVA's counsel has made clear that TVA—who owns the turbines in question and would have the most knowledge and reason to complain if there were merit to these claims—has no interest in pursuing them.

For GE's part, its willingness to pay $200,000 to resolve the False Claims Act claims (and $2 Million in total to resolve all claims and attorney fee issues here) doubtless reflects not a concern about the merits, but a realistic assessment of the

costs of litigation and the costs of disruption to GE's Greenville plant while the suit progressed. The limited record to date strongly suggests that the Greenville Plant and its workers rank among the best and most important to GE's business, that GE is justly proud of that plant, and that avoiding disruption of the good work being performed in that plant is of value to it. Indeed, that this deal makes business sense to GE from the standpoint of avoiding litigation costs and avoiding disruption to its highly-valued Greenville plant and workforce, regardless of the limited merits of the claims, supports this Court's conclusion that GE agreed to this deal in March.

THEREFORE, IT IS SO ORDERED that:

1) The settlement agreements attached as Exhibits B and C to relators' reply brief filed June 14, 2007, are enforced; provided, however that Exhibits B and C contained a typographical error in that they failed to include the Law Office of William A. Jordan (LOWAJ) as counsel of record. Therefore, Exhibits B and C are amended to include LOWAJ as counsel of record and to insert in Exhibits B and C LOWAJ wherever those Exhibits mention Richardson, Patrick, Westbrook & Brickman LLC, and the Law Offices of Herman Cox;

2) Relators Dan Lambert and James Duncan are dismissed from this case with prejudice as set forth in the settlement agreements;

3) Those portions of Relators' Motion to Compel Settlement of May 16, 2007; GE's Memorandum in Opposition to Relators Motion to Compel

Settlement of June 4, 2007 and the affidavits of Beattie Ashmore, Gregory Weingart, and Brad Brian in support thereof; and Relators' Reply in Support of Motion to Compel Settlement of June 14, 2007, and supporting exhibits that contain the terms of the settlement agreement attached as Exhibit C to relators reply brief filed June 14, 2007, shall be sealed, consistent with the parties' agreement that those terms are confidential.

4) The Government's Motion to Intervene is Granted; and

5) The Government's Motion to Accept Settlement is Denied as Moot.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 11, 2007

Anderson, South Carolina